IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ANGELA HARMON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 04-2858 D/V v2 meet |
| ) | MOTION DENIED |
| SAM'S EAST, INC., ) | DATE: 1-24-2006 |
| ) | S\ Judge Bernice B. Donald |
| Defendant. ) | BERNICE BOUIE DONALD |
| | U.S. DISTRICT JUDGE |

MOTION IN LIMINE AND MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
SAM'S EAST, INC.'S MOTION IN LIMINE TO EXCLUDE HEARSAY STATEMENTS

Defendant, Sam's East, Inc. (hereinafter "Sam's"), by and through counsel, submits its Motion in Limine and Memorandum in Support of its Motion in Limine to exclude any and all evidence, argument, and/or testimony concerning statements allegedly made by an unidentified Sam's employee to Angela Harmon (hereinafter "Plaintiff") regarding the previous actions and conduct of Mr. Robert Garrison, a Sam's employee.

## INTRODUCTION

Sam's anticipates that Plaintiff may attempt to introduce hearsay testimony concerning the alleged prior actions and conduct of Mr. Garrison, derived from the statement of an unidentified declarant who Plaintiff alleges to be a Sam's employee. Plaintiff alleges in both her Deposition and in her Responses to Interrogatories submitted to Plaintiff by Sam's that an employee of Sam's informed her that Mr. Garrison needed to be relieved of his duties because of his prior conduct and actions. In response to Interrogatory No. 14 propounded to Plaintiff, Plaintiff responds:

1

<u>INTERROGATORY NO. 14</u>:   Please give the substance of any and all statements to which you are aware, made by Sam's, or its agents, concerning any allegations in the Complaint.  Please identify the person or persons to whom each statement was made.

<u>ANSWER:</u>   The door greeter said the name of the employee, and said they need to relieve Robbie (?) from his duties of pushing the buggies because he has almost run over her three times this morning.

Also, in her deposition, Plaintiff stated that the "lady that was working the front door" for Sam's called management and allegedly told Plaintiff that "… this individual [Mr. Garrison] had almost run over her [the lady working the front door for Sam's] several times pushing baskets through the front door during the day and that he [Mr. Garrison] needed to be removed …from the duties that he was performing with pushing these baskets because he was being reckless." (Depo. Transcript of Angela Harmon, p. 8, l. 25, p. 9, ll. 1-9)

Although Plaintiff claims such statement was made by a Sam's employee, Plaintiff has never clearly identified who the Sam's employee was that allegedly made the statement.  Even though Sam's identified all parties with knowledge of this matter in its Initial Disclosures, Plaintiff never took the deposition of any of Sam's employees or propounded any written or other form of discovery to Sam's to make an attempt to identify the employee who allegedly made the statement.

The alleged statement was rendered outside of court without oath or penalty of perjury.  Accordingly, any and all evidence, argument, and/or testimony concerning this alleged statement should not be admitted before this Court because such testimony is hearsay that does not fall within any recognized exception.

## ARGUMENT

Under Federal Rule of Evidence 801, a statement is hearsay if it is made 1) out of court, 2) by a declarant (other than the witness then testifying) and 3) is offered for the truth of the

2

matter asserted. FED. R. EVID. 801(c); *see also Talley v. Bravo Pitino Restaurant Ltd.*, 61 F.3d 1241, 1249 (6th Cir. 1995). Accordingly, out of court statements made by a party's agent or servant are also hearsay with the exception of admissions concerning a matter within the scope of the declarant's employment made during the existence of the employment or agency relationship. *See* FED. R. EVID. 801(d)(2)(D). Rule 801(d)(2)(D) is designed to bind the employer where one of its managerial employees makes a statement within the scope of the employee's duties as a manager. *Barner v. Pilkington North America, Inc.*, 399 F.3d 745, 750 (6th Cir. 2005).

Nevertheless, merely holding the title of "manager" is not enough for an employee's statement to qualify as an admission binding upon his employer under 801(d)(2)(D). In *Hill v. Spiegel*, the Sixth Circuit analyzed the scope of employment element by scrutinizing the duties and responsibilities of the employee declarant in relation to the out of court statement he or she made. *See Hill v. Spiegel, Inc.*, 708 F.2d 233, 237 (6th Cir. 1983); *see also Carter v. University of Toledo* 349 F.3d 269, 275 (6th Cir. 2003) (discussing the analysis used by the court in *Hill v. Spiegel*). The court in *Hill* concluded that the mere fact that each of the declarants was a manager within the organization was clearly insufficient to establish their statements to be within the scope of their employment. *Hill*, 708 F.2d at 237. Similarly, in *Campbell v. Fasco Industries*, the Seventh Circuit found that a hearsay statement submitted under the 801(d)(2)(D) exception failed because the proponent only submitted the titles of the two declarant employees and the proponent of the hearsay statement "made no effort to show the scope" of the declarant's employment, and provided no evidence showing the statements made, addressed a matter that fell within the scope of the declarants' employment. *Campbell v. Fasco Industries*, 1995 WL 568354 (7th Cir.) at *1 (A copy is attached hereto).

3

Consequently, before the statement of an employee or agent can be introduced as an admission binding upon the employer, the proffering party must meet its burden of establishing the proper foundation for the admissibility of the statement. *See, Mitroff v. Xomox Corp.*, 797 F.2d 271, 275 (6th Cir. 1986). The Sixth Circuit in *Hill* emphasized the necessity of the proffering party to show that the actual content of the declarant's statement concerned a matter or issue within the scope of his employment. *Hill*, 708 F.2d at 237.

The Plaintiff in the case at bar, knows less about the declarant than the proffering party in *Campbell*, thus, any reference to out of court statements allegedly made by this Sam's employee is inadmissible hearsay. First, Sam's produced the names of all Sam's employees with knowledge of this case in its Initial Disclosures. Even with this information, Plaintiff failed to take the deposition of any Sam's employee. Furthermore, Plaintiff never propounded any written or other discovery to Sam's to make an attempt to identify the Sam's employee who allegedly made the statement. Plaintiff, by her own admission, does not know who the declarant employee was and has made no attempt to verify the identity of this employee.

Finally, the Plaintiff does not know what position the alleged declarant employee held with Sam's or whether her alleged comments about the conduct of Mr. Garrison were within the scope of the employee's duties. Consequently, Plaintiff's failure to accurately identify the Sam's employee who allegedly made the statements regarding Mr. Garrison's alleged prior conduct and actions in addition to Plaintiff's failure to make any attempt to discover this information, precludes Plaintiff from providing this Court with the information necessary to lay a proper foundation for admission of the alleged statements as one of an agent or employee within the meaning of Rule 801(d)(2)(D).

## CONCLUSION

For the foregoing reasons, this Court should grant Sam's Motion in Limine and enter an Order prohibiting all improper references to hearsay statements allegedly made by a Sam's employee regarding Mr. Garrison's alleged reckless actions while pushing shopping carts in his capacity as a Sam's employee.

Respectfully Submitted,

_____
CLINTON J. SIMPSON (#20284)
Attorney for Defendant Sam's East, Inc.

OF COUNSEL:

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
165 Madison Avenue, Suite 2000
Memphis, TN 38103
(901) 526-2000

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been mailed via U. S. Mail, postage prepaid, to Keith V. Moore, Attorney for Plaintiff, 100 N. Main Bldg., Suite 3217, Memphis, Tennessee 38103, this the 30th day of December, 2005.

_____

5

# Westlaw.

67 F.3d 301 (Table)
67 F.3d 301 (Table), 1995 WL 568354 (7th Cir.(Ill.)), 72 Fair Empl.Prac.Cas. (BNA) 96
**Unpublished Disposition**
(Cite as: 67 F.3d 301, 1995 WL 568354 (7th Cir.(Ill.)))

Page 1

H
NOTICE: THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA7 Rule 53 for rules regarding the citation of unpublished opinions.)

United States Court of Appeals, Seventh Circuit.
Kenneth N. CAMPBELL, Plaintiff-Appellant,
v.
FASCO INDUSTRIES, INCORPORATED,
Defendant-Appellee.
No. 94-3268.

Argued Feb. 7, 1995.
Decided Sept. 20, 1995.

Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, No. 93 C 828; James H. Alesia, Judge.

N.D.Ill., 861 F.Supp. 1385.

AFFIRMED.

Before BAUER, COFFEY, and KANNE, Circuit Judges.

### ORDER

\*\*1 Campbell appeals the district court's grant of summary judgment on his age discrimination claim. We address the most substantial of Campbell's contentions ourselves, and point him to the district court's exhaustive 35-page opinion for the resolution of the remaining issues. We address both Campbell's direct evidence arguments and his arguments under the *McDonnell Douglas* burden-shifting formula.

A. *Direct Evidence*

Campbell testified in a deposition attached as an exhibit that Beyer and Haynes, respectively head of Purchasing and head of Engineering Production, told him that Fasco was giving raises every year to younger employees (under age 50 or 55), but only every three years to older employees. The district court refused to admit those statements into evidence, finding that they were inadmissible hearsay.

The statements of Beyer and Haynes are indisputably hearsay. Under Fed.R.Evid. 801(d)(2)(D), such statements are admissible against an employer if made by an employee "concerning a matter within the scope of the [employee's] agency or employment." The relevant inquiry to determine the scope of employment is whether the speaker was authorized to act for his employer concerning the matter spoken about. *Wilkinson v. Carnival Cruise Lines*, 920 F.2d 1560, 1566 (11th Cir.1991). The proffering party must show "that an otherwise excludible statement relates to a matter within the scope of the agent's employment." *Id.*

Campbell merely submitted the titles of Beyer and Haynes. He made no effort to show the scope of their employment, and no evidence showed or even suggested that deciding raises, or having any role in deciding raises, was a "matter within the scope" of Beyer and Haynes' employment. Therefore, the district court did not abuse its discretion in refusing to admit the statements.

Campbell also submitted two forms of statistical evidence as direct evidence of age discrimination by Fasco. First, he noted that 160 salaried employees were "terminated," according to Fasco's records, between 1986 and 1989, and that 98 of those employees (61%) were over the age of forty. Second, he noted that pursuant to the reduction in force at Fasco, three of the nine Systems Team employees were fired, but none of the members under age forty (of whom there were three) were fired. The district court rejected both pieces of statistical evidence as meaningless. We agree.

As to Campbell's first piece of evidence, the "termination date" in Fasco's records that Campbell read as a date of firing in fact referred to any departure from the company, including through death, retirement, and termination for cause. Without a further breakdown of the reasons for departure, which Campbell did not provide, the fact that 98 of 160 employees thus "terminated" were over forty means nothing. Moreover, Campbell made no attempt to show what percentage of Fasco's work force was older than forty: without knowing that, it does not show anything to say that a certain percentage of those departing the firm were older than forty. *See Dale v. Chicago Tribune Co.*, 797 F.2d 458, 465 (7th Cir.1986) (rejecting very similar statistical

Case 2:04-cv-02858-BBD-dkv   Document 44   Filed 01/26/06   Page 7 of 7   PageID 61

Westlaw.

67 F.3d 301 (Table)
67 F.3d 301 (Table), 1995 WL 568354 (7th Cir.(Ill.)), 72 Fair Empl.Prac.Cas. (BNA) 96
**Unpublished Disposition**
(Cite as: 67 F.3d 301, 1995 WL 568354 (7th Cir.(Ill.)))

Page 2

evidence), *cert. denied,* 479 U.S. 1066 (1987).

**\*\*2** As to Campbell's second piece of evidence, a nine-member pool is too small a group from which to draw meaningful statistical conclusions. *See Parker v. Federal Nat'l Mortgage Ass'n,* 741 F.2d 975, 980 (7th Cir.1984). Campbell argues as to both sets of statistical evidence that while they may not be adequate by themselves to prove discrimination, they should be considered as part of the whole picture. We disagree: evidence meaningless in isolation becomes no more meaningful when mixed in with other material. The district court did not err by rejecting Campbell's proffered statistical evidence.

Campbell only produced one admissible piece of direct evidence of age discrimination playing a role in his firing. Campbell testified in his deposition that in 1989, two years before he was fired, he assisted in hiring a person for a vacant space on the Systems Team. Campbell said his supervisor, Milo Evans, told him to "consider hiring a younger person." The district court found, and Fasco apparently concedes, that viewing the evidence in the light most favorable to Campbell, that piece of evidence was adequate to establish a *prima facie* case. The burden thereupon shifted to Fasco to show by a preponderance of the evidence that it would have fired Campbell anyway. *Bristow v. Drake Street Inc.,* 41 F.3d 345, 353 (7th Cir.1994); *McCarthy v. Kemper Life Ins.,* 924 F.2d 683, 686 (7th Cir.1991).

We agree with the district court that Fasco more than met its burden under this direct-evidence analysis. In 1990 and into 1991 Fasco was losing large amounts of money. Fasco's president ordered Evans to eliminate three positions in the Systems Team, one of which turned out to be Campbell's. The evidence shows beyond any genuine dispute that Campbell lacked the type of experience now wanted on the Systems Team, and that from 1989 on he had been performing poorly (as shown by reviews finding his performance "unacceptable"). Campbell repeats (numerous times) that he was a "doer" and that Fasco's providing reasons for firing him merely establishes a question of material fact. However, Campbell's conclusory statements, especially in regard to his own performance, are inadequate to counter the evidence that the district court properly found was "overwhelming." No reasonable jury could have found that Campbell was fired because of his age.

B. *McDonnell Douglas*

Campbell falls back on the *McDonnell Douglas* indirect method of proof. Fasco concedes, for purposes of this appeal, that Campbell has established a *prima facie* case under this method of proof. The question then becomes whether Fasco has produced legitimate, non-discriminatory reasons for the firing, and, if so, whether Campbell has shown that those reasons are merely pretext. *Weihaupt v. American Medical Ass'n,* 874 F.2d 419, 428 (7th Cir.1989).

Campbell repeatedly argues that the district court did not cumulatively consider his evidence of pretext. The district court explicitly stated that it did, however, and Campbell's conclusory assertions that "it does not appear" that the district court did so are inadequate and worthy of disregard. We will not otherwise add to the district court's very detailed analysis of the several legitimate reasons Fasco offered to explain its firing of Campbell. Campbell has added nothing substantive to the proceedings below, and we see no need to repeat what the district court has already put so well. We AFFIRM the judgment of the district court.

67 F.3d 301 (Table), 1995 WL 568354 (7th Cir.(Ill.)), 72 Fair Empl.Prac.Cas. (BNA) 96 Unpublished Disposition

END OF DOCUMENT