FILED BY
cas

DEC 3 0 2005

AFTER HOURS DEPOSITORY
Thomas M. Gould, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

ANGELA HARMON

Plaintiff,

v.

SAM'S EAST, INC.,

Defendant.

CIVIL ACTION NO. 2-04-CV 2858-D/V

MOTION DENIED as moot.
DATE: 1-24-06
S\ Judge Bernice B. Donald
BERNICE BOUIE DONALD
U.S. DISTRICT JUDGE

MOTION IN LIMINE AND MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SAM'S EAST, INC.'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OF EDUARDO CRUZ, M.D.

Defendant, Sam's East, Inc. (hereinafter "Sam's"), by and through counsel, submits its Motion in Limine and Memorandum in Support of its Motion in Limine to exclude all testimony of Eduardo Cruz, M.D.

## INTRODUCTION

Sam's moves this Court to exclude all testimony of Eduardo Cruz, M.D.(hereinafter "Dr. Cruz") as a consequence of Plaintiff's failure to make any Rule 26(a)(2) Expert Disclosures pursuant to the Federal Rules of Civil Procedure and this Court's Order. Plaintiff failed to make her expert disclosures in this case and Sam's anticipates that Plaintiff will seek to introduce the deposition testimony of Dr. Cruz at trial. However, Plaintiff should not be permitted to do so in light of Plaintiff's blatant failure to abide by this Court's Order and the Federal Rules of Civil Procedure. At minimum, any deposition testimony of Dr. Cruz regarding the medical treatment and expenses of other physicians and medical providers should be excluded. Specifically, Sam's anticipates that Plaintiff will attempt to introduce the deposition testimony of Dr. Cruz regarding

treatment and expenses incurred at the following: Methodist Healthcare ($680.70), Memphis Radiological ($124.00), Dr. William A. Smith ($200.00) and prescription medications ($538.21). These expenses total $1,542.91. All testimony by Dr. Cruz regarding these treatments and expenses should be excluded at minimum in light of Plaintiff's failure to disclose Dr. Cruz as an expert who would provide testimony outside the scope of his treatment.

Therefore, Sam's moves this Court to exclude all testimony of Dr. Cruz at trial for Plaintiff's failure to properly disclose Dr. Cruz as an expert witness. At minimum, this Court should exclude all deposition testimony of Dr. Cruz attempting to introduce expenses incurred and treatment administered by physicians and medical providers other than Dr. Cruz.

## ARGUMENT

## DR. CRUZ'S TESTIMONY SHOULD BE EXCLUDED BECAUSE DR. CRUZ IS AN UNDISCLOSED EXPERT

"The exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless." *Musser v. Gentiva Health Servs.*, 356 F.3d 751. 758 (7th Cir. 2004). Plaintiff cannot make any argument that her failure to disclose Dr. Cruz was either justified or harmless in this case.

"[A] party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence." Fed. R. Civ, P. 26(a)(2)(emphasis added). Thus, "*all* witnesses who are to give expert testimony" must be disclosed as experts. *Musser*, 356 F.3d at *756*. "[E]ven treating physicians and treating nurses must he designated as experts if they are to provide expert testimony." *Id.* at 758; *see also Hamburger v. State Farm Mut. Auto Ins. Co.*, 361 F.3d 875, 882 (5th Cir. 2004) ("Unlike the

expert report requirement of Rule 26(a)(2)(B), the expert designation requirement of Rule 26(a)(2)(A) applies to all testifying experts.").[1]

Rule 702 of the Federal Rules of Evidence defines expert testimony.

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. By contrast, Fed. R. Evid. 701 defines opinion testimony allowed by *lay witnesses,* that is, those not testifying as experts.

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) *not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.*

Fed. R. Evid. 701 (emphasis supplied). Subpart (c) of Rule 701 was added by the 2000 amendments to the Rules. The Advisory Committee Notes state that the purpose of the amendment was to prevent evasion of the reliability requirements of Rule 702 *and the disclosure requirements of Rule 26* by "the simple expedient of proffering an expert in lay witness clothing." Fed. R. Evid. 701, Advisory Committee Notes.

In this case, Plaintiff's failure is not harmless, and Sam's will be prejudiced if this Court allows Dr. Cruz's expert testimony in this case. Plaintiff made no attempt to notify Sam's of the

---

[1] It is significant that the standard for disclosing the identity of experts governed by Rule 26(a)(2)(A) is very different from the standard for providing an expert report, which is governed by Rule 26(a)(2)(B), A party must disclose the *identity* of anyone who may give testimony pursuant to Fed. R. Evid. 702, 703 or 705. Fed. R. Civ. P. 26(a)(2)(A). A party must produce an *expert report* for those witnesses "retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B).

content of what Dr. Cruz would be testifying to in his deposition, especially any matters outside the scope of his treatment.

Plaintiff may make the same argument as did the plaintiff in *Musser.*

> The Mussers [] contend that they did comply with Rule 26(a)(2)(A) because Gentiva was in fact made aware of the identity and records of all their witnesses, and Gentiva had an opportunity to depose these witnesses as to their opinions. The Mussers assert that it would be a pointless formality to disclose in writing a list of names of persons already known to Gentiva through prior discovery, this time with the designation "expert witness."

356 F.3d at 757. This Court should reject that argument for the same reasons the Court of Appeals for the Seventh Circuit rejected the Mussers' argument.

> Formal disclosure of experts is not pointless. Knowing the identity of the opponent's expert witnesses allows a party to properly prepare for trial. Gentiva should not be made to assume that each witness disclosed by the Mussers could he an expert witness at trial. The failure to disclose experts prejudiced Gentiva because there are countermeasures that could have been taken that are not applicable to fact witnesses, such as attempting to disqualify the expert testimony on grounds set forth in *Daubert v. Merrell Dow Pharm.. Inc.*, 509 U.S. 579 (1993), retaining rebuttal experts, and holding additional depositions to retrieve the information not available because of the absence of a report. In sum, we agree with the district court that even treating physicians and treating nurses must be designated as experts if they are to provide expert testimony.

*Id.* at 757-58.

Again, "[t]he exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless." *Musser* 356 F.3d at 758. Plaintiff's omission is not harmless. Neither is it justified. "A misunderstanding of the law does not equate to substantial justification for failing to comply with the disclosure deadline." *Id.* at 758. As is in *Musser,* "[t]his is not a case where the disclosures were late by a trivial amount of time. *Id.*

If this Court does not totally exclude the deposition testimony of Dr. Cruz, this Court, at a minimum, should exclude all testimony by Dr. Cruz outside the scope of his treatment of

Plaintiff. Specifically, any testimony regarding the treatment undergone and expenses incurred at the following: Methodist Healthcare ($680.70), Memphis Radiological ($124.00), Dr. William A. Smith ($200.00) and prescription medication ($538.21).

Plaintiff's failure to make her Expert Disclosures and to notify Sam's that Dr. Cruz was going to testify to matters outside of the scope of his treatment of Plaintiff regarding the expenses and treatment by other medical providers has caused Sam's to incur prejudice in this matter. Sam's could only anticipate that Dr. Cruz would testify about his treatment of Plaintiff and the expense of the treatment he administered to Plaintiff. Sam's did not receive notice through any expert disclosures that Dr. Cruz would be testifying to matters outside the scope of his treatment and as a consequence, such testimony should be excluded.

Not only should Dr. Cruz's testimony be excluded because Plaintiff failed to disclose Dr. Cruz as an expert witness and failed to detail the scope of Dr. Cruz's testimony, but also, because Dr. Cruz never definitively testified that the treatment provided by the other medical providers and expense for such treatment were reasonable and necessary. For example, in Dr. Cruz's deposition, counsel for Plaintiff attempted to show Dr. Cruz a list of medications which were allegedly prescribed to Plaintiff during the course of her treatment. When asked if "the prices for those dosages are fair, reasonable and in line," Dr. Cruz responded, "I think so." (Deposition of Dr. Cruz, pp. 12, ll. 15-16 and p. 13, l.7). In response to the question whether the charges from Memphis Radiological were "fair, reasonable and in line with the same or similar charges in this community?" Dr. Cruz stated, "In my opinion, I think it is fair and reasonable." (Deposition of Dr. Cruz, p. 13, ll. 22-24 and p. 14, ll. 1-4 and ll. 9-10).

Furthermore, when asked whether the bill from Dr. William A. Smith was fair and reasonable, Dr. Cruz responded, "Yes, I believe this is fair and reasonable." (Deposition of Dr.

Cruz, p. 15, ll. 3-10). Finally, Dr. Cruz was asked if those charges by Germantown Methodist in the amount of $680.70 were "fair, reasonable and in line with the same or similar charges in the community?" and Dr. Cruz responded, "I believe these are fair and reasonable charges." (Deposition of Dr. Cruz, p. 15, ll. 11-18).

Once again, Dr. Cruz does not provide any definitive testimony that the treatment or the charges incurred for such treatment were in fact necessary or reasonable. An answer from a proposed expert witness that he "thinks" or "believes" the treatment or expenses are fair and reasonable does not meet any standard for the admission of expert testimony. Thus, any testimony by Dr. Cruz regarding other medical providers and medical expenses should be excluded by this Court.

Finally, this Court ordered counsel to submit a Pre-Trial Order on December 27, 2005. As this Court is aware, one reason for this is so the parties can prepare accordingly for trial. Plaintiff failed to provide a Pre-Trial Order and failed to notify counsel for Sam's of the witnesses Plaintiff intends to call at trial or what deposition testimony Plaintiff intends to utilize at trial. In light of Plaintiff's failures, counsel for Sam's can only anticipate what Motions in Limine Sam's may, or may not need to file in this matter. In light of Plaintiff's failure to submit either her Expert Disclosures or a Proposed Pre-Trial Order, Sam's is now prejudiced by being forced to guess what Plaintiff may or may not attempt to utilize at trial. Therefore, Sam's reserves the right to file any future Motions in Limine it may need to file at a later date as a consequence of Plaintiff's failure to file a Pre-Trial Order.

## CONCLUSION

As a consequence of Plaintiff's failure to adhere to even the minimum disclosure requirements imposed by this Court and the Federal Rules of Civil Procedure, the Plaintiff should not be permitted to utilize the testimony of Dr. Cruz at trial and all such deposition

testimony should be excluded. At minimum, all deposition testimony of Dr. Cruz regarding the treatment of other medical providers and the expenses incurred for such treatment should be excluded.

Furthermore, as a consequence of Plaintiff's failure to abide by the requirements of the Federal Rules of Civil Procedure and this Court's Order, this matter should be dismissed in its entirety.

Respectfully Submitted,

CLINTON J. SIMPSON (#20284)
Attorney for Defendant Sam's East, Inc.

OF COUNSEL:

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
165 Madison Avenue, Suite 2000
Memphis, TN 38103
(901) 526-2000

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been mailed via U. S. Mail, postage prepaid, to Keith V. Moore, Attorney for Plaintiff, 100 N. Main Bldg., Suite 3217, Memphis, Tennessee 38103, this the 30th day of December, 2005.